[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 10, 1992 Date of Application Date Application Filed January 10, 1992 Date of Decision September 22, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-334462.
 Mark Rademacher, Special Public Defender, for Petitioner
 Robert O'Brien, Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner has requested review by this division of his sentence of fifteen (15) years suspended after ten (10) with five (5) years probation. CT Page 9237
After a jury trial the petitioner was convicted of possession of narcotics with intent to sell in violation of Conn. Gen. Stat. 21a-278(b), conspiracy to possess narcotics with intent to sell in violation of Conn. Gen. Stat. 53a-48 and21a-278(b) and risk of injury to a minor in violation of Conn. Gen. Stat. 53-21. He received a sentence of fifteen (15) years suspended after ten (10) on the first count and five (5) years concurrent on each of the remaining two counts and probation for five (5) years.
The record discloses that the charges stemmed from a search and seizure warrant executed at two separate apartments in New Haven on October 2, 1990. In one of the apartments the police found Lissette Gotay and her young son and she offered to show the police where the stash of drugs could be found. She led the police to 295 glassine bags containing what tested to be cocaine. Also found were various items of drug paraphernalia and $3,000. in cash. Mrs. Gotay said the drugs belonged to her boyfriend, Edward Williams whose identification was also found on the premises. The petitioner has no prior record and was 26 years old when sentenced.
The attorney for the petitioner has requested a reduction in the sentence and argues that the sentencing judge did not take into account petitioner's lack of prior record, his employment history and the family support he has received. The court, he claims, should have placed more emphasis on the petitioner's rehabilitative qualities, suggesting that the more appropriate sentence would have been the minimum mandatory five (5) year sentence rather than double that figure. And finally, petitioner points out that the co-defendant received a fully suspended sentence.
The state urges the division to look to the quantity of drugs, cash and paraphernalia found at the petitioner's girlfriend's apartment. The petitioner, the state argues, is a mid-level drug dealer whose activities have added to the scourge drugs have inflicted on our society. The original recommendation by the state's attorney was a sentence of twenty (20) years suspended after fifteen (15); the sentence meted out by the court was considerably lower.
The petitioner spoke on his own behalf at the review hearing and stressed that he thought the sentence was too harsh for the CT Page 9238 crime. He asked the sentencing judge, and now he urges the division to focus on his accomplishments in life, including his employment record. In his remarks at the time the sentence was imposed the petitioner made a rambling and disjointed speech essentially attacking the nature of the evidence against him while claiming his conviction was based on his status as a black man from a ghetto who is merely trying to advance himself. There was no acknowledgement he understood the seriousness of the charges upon which he was convicted nor was there a scintilla of remorse.
The sentencing court pointed out that the legislature had established a minimum mandatory five year sentence for possession of narcotics with intent to sell by a non-drug dependent person and that the petitioner had been convicted of this offense in two counts and a risk of injury charge.
Although the court took due notice of the petitioner's supportive and stable family background, it noted, "I have to look at the seriousness of the offense for the community as a whole, it's people that deal drugs in the inner city that hold people hostage in their own homes . . . . [D]rugs have victimized every person in New Haven in one shape, manner, or form."
Given the fact that the petitioner's co-defendant (his girlfriend in whose apartment the drugs were found) entered a guilty plea and co-operated in the prosecution of the petitioner right from the execution of the search and seizure warrant through the petitioner's trial, and because we are not aware of the offense or offenses to which she entered a plea, we cannot find that the petitioner's sentence was disproportionate in view of her suspended sentence.
We have reviewed the guidelines set forth in P.B. 942 and conclude the sentence imposed on the petitioner was reasonable and proportionate considering all relevant factors. Accordingly, the sentence is affirmed.
Purtill, J. Norko, J. Stanley, J. CT Page 9239